174 So. 319

## ADAMS v. STATE.
### 7 Div. 268.

Court of Appeals of Alabama.

Feb. 16, 1937.

Rehearing Denied March 23, 1937.

C. A. Wolfes, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

173 So. 407

**COPELAND v. STATE.**

7 Div. 247.

Court of Appeals of Alabama.
Feb. 2, 1937.

Rehearing Denied March 23, 1937.

BRICKEN, Presiding Judge.

The sufficiency of the evidence to sustain the judgment of conviction from which this appeal was taken is the only question on this appeal.

Appellant was tried and convicted upon a complaint which charged him with a violation of the prohibition laws of the State.

The State contended, upon the trial of this case, in the court below, that appellant was in possession of a tub of beer and ale on the 4th day of July, 1936.

We have carefully read and considered the evidence and have reached the conclusion that the State failed to meet the burden of proof necessary to a conviction. In its worst phase the evidence tended to show that on the day in question about a mile or mile and a half from Sylvania, the appellant was near a tub in which at the time there were several cans of beer or ale on ice. The place was out in the woods where numerous persons had assembled. The close proximity of defendant near the tub of prohibited beer and ale was admitted, but there was no evidence adduced tending to otherwise connect him with the possession or ownership of the contraband beverage. In this, as in all criminal cases, the accused was presumed to be innocent, and his emphatic denial of possession or ownership, coupled with his statement to the effect that he went to the place in question for the purpose of getting a bottle to drink, but failed to do so, all of which was undisputed, should have been considered by the trial court and not wholly disregarded as appears to have been done. As stated, the burden of proof was upon the State to offer evidence sufficient to show the guilt of the accused beyond a reasonable doubt and to a moral certainty. This, the State failed to do, and having failed, the defendant should have been promptly discharged. The foregoing being the views of this court we here render, as the law requires, a judgment reversing the lower court, and discharging the defendant from further custody in this proceeding.

Reversed and rendered.